UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUDY ORTEGA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　　Defendants. | Case No.   5:22-cv-05040-EJD<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; DENYING AS MOOT DEFENDANT HOME FIRST SERVICES' MOTION TO DISMISS; DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF. Nos. 4, 17 |

Before the Court is *pro se* Plaintiff's application for a temporary restraining order (ECF No. 4) and Defendant Home First Services' motion to dismiss (ECF No. 17). For the reasons discussed below, Plaintiff's application for a TRO is DENIED AS MOOT and Home First Services' motion is DENIED AS MOOT.

**I.　BACKGROUND**

At the time of filing, Plaintiff Ortega lived in his pop-up trailer, identified as a 2015 Rockwood Freedom Trailer, located at the Spring Street unhoused encampment, also referred to as the encampment at Guadalupe Gardens (the "Encampment").[1] ECF No. 1. Ortega's trailer is inoperable due to missing wheel bearings and cannot be towed.[2] *Id.* Ortega alleges that on

---

[1] The Encampment is an approximately 18-acre parcel located within the "Abatement Zone." The Abatement Zone consists of several parcels adjacent to the San Jose International Airport which were subject to a three-stage abatement process between September 1 through September 30, 2022. *See* ECF No. 21 at 2.

[2] Plaintiff Ortega also claims that he owns a non-operational Buick LeSabre that is also at risk of destruction. The City and its Employees indicate in their statement that Plaintiff entered into a program in which the City would purchase his non-operational Buick LeSabre from him. *See* ECF No. 21 at 4.

Case No.: 5:22-cv-05040-EJD
Order Denying Appl. For TRO; Denying
M/Dismiss; and Dismissing Action

1

September 2, 2022, Officer Lynch informed him that he had until the end of September to relocate his trailer and belongings, or the City of San Jose (the "City") would seize and destroy it. *Id.* at 4; *see also* ECF No. 4 at 31 (Second Notice). Ortega alleges that Defendant Home First Services ("HFS"), a non-profit organization that contracts with the City to provide homeless outreach and services, was designated to assist Ortega and other individuals in the Encampment with repairing their vehicles and trailers and relocating from the Encampment. *Id.*

Ortega initiated this action on September 6, 2022 against the City and its employees, Jennifer McGuire, Seth Turner, Sandra Murillo, Vanessa Beretta, John Aitken (the "Employees"), as well as HFS (collectively, "Defendants") after he allegedly did not receive assistance with his trailer and the City began to abate the Encampment. *Id.* He alleges causes of action for breach of contract against the City and HFS as well as violations of his constitutional rights under the Fourth, Fifth, and Eighth Amendments against the City and its Employees. *Id.* at 5–7. Ortega subsequently filed for a temporary restraining order ("TRO") on September 6, 2022 to enjoin the City of San Jose from destroying his trailer and personal belongings. ECF No. 4.

On September 7, 2022, the Court granted Ortega's application to proceed in forma pauperis and set a status conference for September 13, 2022 to discuss Ortega's application for a TRO with the parties. ECF No. 6. At this initial status conference, the parties reached an agreement that the City would repair the wheel bearings on Ortega's trailer such that it could be safely relocated. The Court held additional status conferences with all parties on September 19, 26, and 29 to ensure the repair and relocation of the trailer. *See* ECF Nos. 8, 9, 12, 14. At the status conference held on September 26, the parties informed the Court that Ortega's wheel bearings had been repaired and his trailer had been moved to Seymour Street, and Ortega indicated that he would file a dismissal. As a result of these discussions, the Court entered the following order:

> The City will arrange to move Plaintiff's Trailer by 11am on 9/30/2022 to the agreed-upon location on Seymour St in San Jose and the trailer may remain for 30 days from the date of this Order. The City will store any personal belongings Plaintiff wishes to retain in accordance with the City's policy for storage of such items. Plaintiff will separate the personal belongings he wishes to retain from the items that the City may remove and dispose. Plaintiff must vacate the

Case No.: 5:22-cv-05040-EJD
Order Denying Appl. For TRO; Denying
M/Dismiss; and Dismissing Action

2

          abatement area following the removal of Plaintiff's trailer and personal belongings. The Parties are further Ordered to provide a Joint Status Report and Dismissal of this matter by October 31, 2022.

ECF No. 15.

        The purpose of permitting Ortega's trailer to remain at the Seymour Street location for 30 days from the date of the order was to enable the City to further repair the trailer's canopy and safely move it to a more suitable location for Ortega before the expiration of this Court's order. However, the parties failed to file a stipulated dismissal of the matter by October 31, 2022 as agreed. The City filed a statement on the same day indicating that it had moved Ortega's trailer to the location on Seymour Street outside the abatement zone.[3] ECF No, 16 at 4. Ortega has not filed anything with this Court since September nor appeared before the Court since the final status conference September 29, 2022.

        On November 14, 2022, Defendant HFS filed a motion to dismiss Ortega's sole claim against HFS. ECF No. 17. On December 12, 2022, the City and its Employees filed a motion to consolidate Ortega's action with two related actions, neither of which involves Ortega.[4] ECF No. 23. The Court finds the motions appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).

## II.    LEGAL STANDARD

        "Like standing, the case or controversy requirement of Article III [of the U.S. Constitution], § 2 also underpins the mootness doctrine." *Caselman v. Pier 1 Imports (U.S.), Inc.*, No. 14-CV-02383-LHK, 2015 WL 106063, at *3 (N.D. Cal. Jan. 7, 2015) (quoting *ACLU of Nev. v. Lomax*, 471 F.3d 1010, 1016 (9th Cir. 2006)); *see also Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1085–87 (9th Cir. 2011) (district courts lack jurisdiction over moot claims). "A case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally

---

[3] Neither the City nor Plaintiff have filed an update with the location or status of Plaintiff's trailer and personal belongings since the City filed its case management conference statement on October 31, 2022.
[4] The City and its Employees sought to consolidate this action with 3:22-cv-07186-JSC ("-07186") and 3:22-cv-07481-JSC ("-07481"). The Honorable Judge Corley has since consolidated the -07186 and -07481 cases, and this Court related the consolidated action to this action. ECF No. 24; *see* 5:22-cv-07186-EJD.

cognizable interest in the outcome' of the litigation." *Pitts*, 653 F.3d at 1086 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "Whereas standing is evaluated by the facts that existed when the complaint was filed, mootness inquiries . . . require courts to look to changing circumstances that arise after the complaint is filed." *Lomax*, 471 F.3d at 1016. "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (quoting *Nw. Env't. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)).

Pursuant to Federal Rule of Civil Procedure 12, a court has a continuing "obligation to consider jurisdictional issues at any stage of the proceedings, even *sua sponte* if it appears subject matter jurisdiction may be lacking." *Mohamed v. Nielsen*, No. 18-CV-00467-SK, 2018 WL 4361183, at *1 (N.D. Cal. Sept. 11, 2018) (citing *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)); *see also Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) (holding that the court has an independent obligation to determine *sua sponte* whether a case is moot). If a court determines that it lacks subject matter jurisdiction over an action, it must dismiss the case. *Augustine*, 704 F.2d at 1077; Fed. R. Civ. P. 12(h)(3).

### III. MOOTNESS

#### A. Temporary Restraining Order

Plaintiff Ortega filed an application for a TRO to enjoin the City of San Jose from destroying his trailer and personal belongings at the Encampment.[5] ECF No. 4. The standards for a TRO are identical to those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 24

---

[5] Ortega filed an application for a TRO pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. A TRO issued "without written or oral notice to the adverse party or its attorney" is subject to additional limitations. *See* Fed. R. Civ. P. 65(b). Those limitations do not apply here because Defendants received notice of Ortega's application for TRO and the City has participated in the status conferences.

(2008); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

During the status conferences with the parties, the parties reached an agreement that the City would arrange the relocation Ortega's trailer and belongings from Spring Street in the Encampment to an agreed-upon location on Seymour Street. ECF No. 14. However, the parties did not file a dismissal after the repair and removal of the trailer pursuant to the Court's order, which directed the parties to dismiss the action by October 31, 2022 after Ortega's trailer was successfully relocated from the abatement zone. *See* ECF No. 15. The Court therefore finds that Ortega's allegations that his trailer and personal belongings are in imminent threat of destruction at the Encampment have since been resolved in light of his trailer's repair and relocation outside the abatement zone to Seymour Street pursuant to the parties' agreement. *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987) ("A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries.").

Accordingly, because Ortega's trailer and personal belongings have since been relocated and are no longer at risk of abatement in the Encampment as alleged, the Court DENIES Ortega's request for temporary relief as MOOT.

### B. Defendant Home First Services' Motion to Dismiss

In his first cause of action, Ortega alleges that the City, through their contractor HFS: promised to fix his trailer before the scheduled abatement; that he adversely relied on this promise thereby placing his trailer and his belongings at risk of destruction; and that HFS failed to perform. ECF No. 1 at 5. HFS moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Ortega has failed to allege facts sufficient to establish the existence of a contractual relationship between him and HFS. ECF No. 17 at 7–8. HFS also contends that there is otherwise no basis for Ortega to sue HFS in the absence of a contractual relationship. *Id.* Plaintiff has not opposed the motion nor otherwise responded.

Before considering the merits under Rule 12(b)(6) the Court must satisfy itself that it has jurisdiction over the action. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("[J]urisdiction generally must precede merits in dispositional order."). Here, the Court cannot

Case No.: 5:22-cv-05040-EJD
Order Denying Appl. For TRO; Denying
M/Dismiss; and Dismissing Action

5

consider the merits of Ortega's allegations as to Defendant Home First where it lacks jurisdiction over the action due to changed circumstances. *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010) ("A case or controversy must exist at all stages of review, not just at the time the action is filed."); *see also Pitts*, 653 F.3d at 1085–87. After Ortega filed his complaint and application for TRO, Ortega and the City and its Employees reached an agreement during the status conferences that the City would repair and move his trailer from the Encampment before the scheduled abatement before dismissing the action. The City has since repaired and relocated Ortega's trailer. The Court therefore finds that Ortega's claim against HFS as alleged no longer presents a "present controversy as to which effective relief can be granted." *Feldman*, 518 F.3d at 642 (quoting *Gordon*, 849 F.2d at 1244).

Accordingly, the Court DENIES AS MOOT HFS's motion to dismiss.

### C. Remaining Claims Against Defendants

At the final status conference, the parties agreed to dismiss the action after Ortega's trailer had been repaired and relocated. *See* ECF No. 15. The parties failed to do so, however, and the Court finds it appropriate to *sua sponte* dismiss as moot the remaining claims against Defendants.[6]

First, to the extent that Ortega also alleges a breach of contract claim against the City for breaching its alleged promise to repair and remove his trailer, the Court also finds that the City's actions following the filing of the complaint render this claim moot. Ortega alleges that two city employees, Defendants Turner and Beretta, "promised" to fix his trailer before the abatement was planned to begin at the Encampment. ECF No. 1 at 5, 23. He alleges that he adversely relied on the City's promise by failing to take other actions to repair and relocate his trailer from the Encampment, thereby placing his trailer and his belongings at risk of destruction. *Id.* at 5. As discussed, since filing the complaint the City has repaired and relocated Ortega's trailer from the

---

[6] The exceptions to the mootness doctrine for (1) "collateral legal consequences" to plaintiff if the actions "were allowed to stand," (2) "wrongs capable of repetition yet evading review," or (3) "voluntary cessation of a challenged practice" are not applicable here where the parties agreed to dismiss the action after the City repaired Ortega's trailer such that it is operable in the future and relocated it from the Encampment before the scheduled abatement. *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 964–66 (9th Cir. 2007).

Encampment thereby fulfilling their alleged agreement and resolving this dispute. *See Lomax*, 471 F.3d at 1016.

Second, Ortega's three remaining claims allege violations of his constitutional rights under the Fourth, Fifth, and Eighth Amendments arising from the City's threatened seizure and destruction of his trailer and personal belongings. ECF No. 1 at 5–7. In Ortega's demand for relief, he requests that the Court prevent the abatement of his personal belongings, property, and assets by the City at the Encampment. *Id.* at 8. Ortega's trailer is no longer at risk of the alleged abatement giving rise to the alleged constitutional violations since it has been repaired and relocated from the Encampment. *Pitts*, 653 F.3d at 1085 (dismissing the case where "events subsequent to the filing of the case resolve the parties' dispute.").

Therefore, the Court finds that Ortega's remaining claims are MOOT and the Court lacks jurisdiction to hear them.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES AS MOOT** Plaintiff's application for a temporary restraining order. The Court also **DENIES AS MOOT** Defendant Home First Service's motion to dismiss. Finally, the Court finds that it lacks jurisdiction over Plaintiff's remaining claims against Defendants the City of San Jose and its Employees and therefore **DISMISSES AS MOOT** this action. This Order terminates as moot Defendants' motion to consolidate cases at ECF No. 23.

The Court will issue a separate judgment. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 21, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-05040-EJD
Order Denying Appl. For TRO; Denying
M/Dismiss; and Dismissing Action

7